**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

---

DAD'S PRODUCTS COMPANY, INC.,

       Plaintiff,                                Case No.  03-350

v.

SERGEANT'S PET CARE PRODUCTS, INC.,                    Hon. Sean J. McLaughlin

       Defendant.

## STIPULATED PROTECTIVE ORDER

IT IS ORDERED THAT:

1.      All information produced or exchanged in the course of this litigation that relates to Pet Life Foods, Inc. shall be designated as "CONFIDENTIAL", and shall be used only for the purpose of this litigation.  Such information, whether produced by a party or non-party, shall be protected by all other parties, and may include information contained in documents, information revealed during a deposition or in an interrogatory answer, or revealed in any other manner.

2.      Information designed as "CONFIDENTIAL" shall be produced, received or reviewed only by "authorized" persons: who have previously executed a "Declaration" in the form of Exhibit A (attached).  For purposes of this Order, an authorized person means:

    a.  An attorney involved in the litigation;

    b.  An employee of a party involved in the litigation;

    c.  An agent or employee of an attorney or party involved in this litigation to whom it is necessary that the information be shown for any related purpose (i.e., clerical or other assistant);

  d. An individual retained by a party or its attorneys in this litigation solely for the purpose of trial preparation (i.e., experts, consultants or other assistants); or

  e. Any other person who is so designated by a written stipulation of the parties or an Order of this Court.

3. Signed declarations shall be forwarded to counsel for the parties and to Paul M. Morgan, counsel for the Trustee for the debtor, Pet Life Foods, Inc., in case No. SG 02-07387, pending in the United States Bankruptcy Court for the Western District of Michigan.

4. A party or non-party producing confidential information shall be responsible for marking any such materials as "CONFIDENTIAL".  A copy of a confidential document shall receive the same level of protection as an original.

5. Confidential information disclosed at the deposition of a party (including its present or former officers, directors, employees, agents or retained experts or consultants) may be protected by noting that the information is subject to the provisions of this Order.  A party may also protect confidential information disclosed at a deposition by serving written notice on all parties on the specific pages and lines of the transcript or exhibits which are intended to be confidential, within thirty (30) days of receipt of the transcript.  Each party shall then attach a copy of the notice to the face of the transcript and each copy in its possession, custody or control.

6. Any party to this litigation who intends to file with the Court a document containing confidential information shall seek permission to file said document, or the relevant portion thereof, under seal, in accordance with Misc. No. 05-45 and Section 8 ("Sealed Documents") of the Electronic Case Filing Policies and Procedures of the United States District Court for the Western District of Pennsylvania.

7. Information designated as confidential may be used during any proceeding in this litigation and may be offered in evidence at the trial subject to the court rules and rules of evidence, but may not be used for any other purpose. A party seeking to use confidential information in a court proceeding shall give the Judge and the opposing party reasonable notice of its intent to use such information so that the Judge may determine the precise manner in which the confidential information is to be received in Court.

8. At the conclusion of this litigation, a party who has received tangible confidential information shall return it to the producing party. Upon request, counsel for the party that has received confidential information shall certify to the Court that any notes, memoranda, summaries, exhibits or other written or graphic materials prepared from the confidential information produced pursuant to this Order, have been returned or destroyed. Any Order dismissing a party or terminating this litigation shall contain a provision that this Order shall remain in full force and effect, and that the Court retains jurisdiction for purposes of enforcing this Order.

9. This Order shall not affect or impair the right of any person or party to raise or assert any defense, privilege or objection to the production or use of any information involved in the litigation.

10. This Order shall not preclude any party from enforcing its rights against another party or any third party believed to be violating the rights of such party.

11. As officers of this Court, all counsel involved in the litigation shall use their best efforts to resolve issues relating to the terms of this Order without Court intervention.

12. As officers of this Court, all counsel involved in the litigation shall use their best efforts to ensure that their respective parties and representatives fully comply with the terms of this Order.

13. This Order shall be applicable to all further proceedings in the litigation, and the Court retains jurisdiction to make any modifications to this Order on its own initiative or upon request of any party.

Dated: August 17, 2005

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
_____

DAD'S PRODUCTS COMPANY, INC.,

       Plaintiff,                                             Case No. 03-350

v.

SERGEANT'S PET CARE PRODUCTS,         Hon. Sean J. McLaughlin
INC.,

       Defendant.

## DECLARATION REGARDING PROTECTIVE ORDER

1. My name is _____.

2. My address is _____.

3. My present employer is _____.

4. My present occupation or job description is

5. I have received a copy of the Protective Order in this case. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, and not disclose to anyone not authorized under the Protective Order, any confidential information disclosed to me, including, but not limited to, any notes, memoranda, summaries, exhibits or other written graphic materials prepared from the confidential information.

8. I shall return all materials containing confidential information which come into my possession, and documents or things which I have prepared from these materials (including all copies) to counsel for the party by whom I am employed or retained.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Executed on: _____, 2005

_____
Signature

_____
Printed Name

_____
_____
Address

1135083\_1