IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DAD'S PRODUCTS COMPANY, INC., | ) |
| | ) |
| | ) Civil Action No. 03-350 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) The Honorable Sean J. McLaughlin |
| SERGEANT'S PET CARE PRODUCTS, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSIVE CONCISE STATEMENT IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Sergeant's Pet Care Products, Inc. ("SPCP") files this Responsive Concise Statement in Opposition to Plaintiff's Motion for Summary Judgment pursuant to Local Rule 56.1:

As a threshold matter, SPCP incorporates by reference Defendant's Concise Statement of Material Facts in Support of Motion for Summary Judgment ("Defendant's Statement") as if the same were set forth fully herein. Generally, to the extent that any statements set forth in Plaintiff's Concise Statement of Material Facts in Support of Dad's Products Company, Inc.'s Motion for Summary Judgment ("Plaintiff's Statement") are inconsistent with Defendant's Statement, such statements are denied as set forth in and consistent with Defendant's Statement. In addition, SPCP responds to the specific statements in Plaintiff's Statement as follows.

1-11. Admitted, subject to the following. Paragraphs 1 through 11 relate, either in whole or in part, to documents that are in writing and that shall speak for themselves. Thus, to

the extent that it is determined that any statements in Paragraphs 1 through 11 are inconsistent with the documents, SPCP reserves its right to deny any such statement(s) on such grounds.

12. Denied on grounds that SPCP lacks sufficient information or knowledge, at this time, to affirmatively admit or deny Paragraph 12 as stated.

13-14. Admitted, subject to the following. Paragraphs 13 and 14 refer to a document that is in writing and that shall speak for itself. To the extent that the Paragraphs are found to be inconsistent with the writing, SPCP reserves its right to deny any such statement(s) on such grounds.

15. SPCP is without sufficient information or knowledge to admit or deny what was "unbeknownst to Dad's" as stated in Paragraph 15. SPCP also is without sufficient information or knowledge to admit or deny what is meant by "an affiliate of Pet Life." SPCP admits, however, that Pet Life Foods, Inc. ("Pet Life") sold certain trademarks to SPCP as set forth in the Trademark License and Transfer Agreement ("Transfer Agreement"). Said agreement speaks for itself.

16-18. Admitted, subject to the following. Paragraphs 16 through 18 of Plaintiff's Statement refer to documents that are in writing and that shall speak for themselves. To the extent that the Paragraphs are found to be inconsistent with the writings, SPCP reserves its right to deny any such statement(s) on such grounds.

19. At this time, SPCP is without sufficient information or knowledge to admit or deny in full the statement in Paragraph 19. SPCP expressly denies, however, that it "refused to make [sic] required royalty payment to Gaines" as stated in Paragraph 19. To the contrary, SPCP paid any royalty payments to Gaines Pet Foods Corporation ("Gaines") that it may have been obligated to pay on Pet Life's behalf.

00659071.DOC

20. At this time, SPCP is without sufficient information or knowledge to admit or deny, in full, the statement in Paragraph 20. However, SPCP admits that it paid Pet Life's share of the royalty payments at issue as stated therein.

21. As Paragraph 21 relates to SPCP only, SPCP is without sufficient information or knowledge regarding what the phrases "would be taking responsibility for many customers" and "that would have otherwise gone to Pet Life" mean or are intended to mean. By way of further answer, any obligations that SPCP may have taken responsibility for with respect to the Transfer Agreement and/or "customers" are set forth therein and/or in the other operative documents at issue. The documents speak for themselves.

22. With respect to Paragraph 22, SPCP is without sufficient information or knowledge at this time to admit or deny what Plaintiff did or did not "understand" or whether or not Plaintiff was "privy" to the Transfer Agreement. Further, SPCP denies the statement that "Sergeant's was taking on Pet Life's share of the Royalty Obligation." SPCP only agreed to assume a limited obligation to Pet Life to make certain, limited payments of the royalty at issue to Gaines. Further, SPCP states that any responsibilities or obligations that it may have assumed with respect to "customers" are as stated in the Transfer Agreement.

23. The first sentence of Paragraph 23 is denied as stated. Furthermore, it asserts a legal conclusion to which SPCP need not respond. The remaining sentences are admitted.

24. With respect to Paragraph 24, the deposition citation does not support the proposition that Plaintiff purports it to support. By way of further answer, the "wind-down" or termination of Maple Leaf is covered by a written document, the Settlement Agreement, which speaks for itself.

25. Admitted.

26. SPCP admits the first sentence of Paragraph 26. The second sentence refers to a document that is in writing and that speaks for itself.

27. Denied. SPCP refers Plaintiff to Defendant's Statement and to Defendant's own summary judgment moving papers in response. Moreover, Paragraph 27 involves the interpretation of written documents that shall speak for themselves.

28. Denied. SPCP refers Plaintiff to Defendant's Statement and Defendant's own summary judgment moving papers in response.

29. Admitted.

30. Denied as it relates to SPCP. In addition, SPCP refers Plaintiff to Defendant's Statement and to Defendant's own summary judgment moving papers in response. Further, the Paragraph contains conclusions of law to which SPCP need not respond.

31. Paragraph 31 refers to a document that is in writing and that shall speak for itself. Nevertheless, by way of further answer, SPCP specifically denies that the referenced Settlement Agreement was in "satisfaction" of any obligations owed by SPCP.

32. Denied as it relates to SPCP. SPCP refers Plaintiff to Defendant's Statement and to Defendant's own summary judgment moving papers in response. Further, the Paragraph contains conclusions of law to which SPCP need not respond.

33. Denied as it relates to SPCP. In response, SPCP refers Plaintiff to Defendant's Statement and Defendant's own summary judgment moving papers. By way of further answer, Paragraph 33 relates to obligations that are written documents and that shall speak for themselves.

Dated: October 25, 2005                          Respectfully submitted,


                                     By: /s/ David White, Esquire
                                         David E. White
                                         THORP REED & ARMSTRONG, LLP
                                         Pa. I.D. No. 59659
                                         One Oxford Centre
                                         301 Grant Street, 14th Floor
                                         Pittsburgh, PA 15219
                                         (412) 394-2343

                                         Attorneys for Defendant,
                                         Sergeant's Pet Care Products, Inc.

OF COUNSEL

Sally C. Helppie
Texas Bar No. 09403800
Gregory P. Supan
Texas Bar No. 24005892
BELL NUNNALLY & MARTIN LLP
1400 One McKinney Avenue
232 McKinney Avenue
Suite 1400
Dallas, Texas 75204
(214) 740-1400

-5-

00659071.DOC