**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION**

| | |
|---|---|
| DAD'S PRODUCTS COMPANY, INC., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SERGEANT'S PET CARE PRODUCTS, ) <br> INC. ) <br> ) <br> Defendant. ) | Civil Action No. 03-350 <br><br> The Honorable Sean J. McLaughlin |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT PURSUANT TO RULE 56
OF THE *FEDERAL RULES OF CIVIL PROCEDURE*__**

**I.      INTRODUCTION**

As Defendant Sergeant's Pet Care Products, Inc. ("SPCP")[1] has demonstrated through its summary judgment papers and in opposition to Dad's summary judgment papers, Dad's simply has no viable claims for this Court to adjudicate. Rather, Dad's has concocted unsupported arguments using improper legal theories and thrown them into a Complaint in the hopes that something will "stick." However, none of Dad's purported legal theories can go forward. The plain, unambiguous terms of the written agreements governing all aspects of the parties' disputes (as well as the established law) defy each and every one of Dad's claims. Moreover, because neither party asserts

---

[1] Unless otherwise noted, all capitalized terms herein shall have the same meaning as set forth in SPCP's Memorandum in Support of Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("SPCP's Summary Judgment Memorandum") and SPCP's Opposition to Plaintiff's Motion for Summary Judgment ("SPCP's Opposition Brief"). SPCP's Opposition Brief is incorporated herein by reference as if fully set forth.

any ambiguity with respect to any written agreement or provision, and because the relevant facts are largely undisputed, SPCP respectfully submits that this Court should resolve the parties' disputes as a matter of law in favor of SPCP.

## II. ARGUMENT

### A. Dad's has no Contribution Claim[2]

Under Pennsylvania law, "[c]ontribution claims are limited to tort actions among joint tortfeasors." *Unique Techs., Inc. v. Micro-Stamping Corp.*, 2003 WL 21652284, *3 (E.D.Pa. 2003), 42 Pa. Cons. Stat. Ann. § 8321, *et seq.*; *see also* SPCP's Summary Judgment Memorandum, pp. 16-17. Dad's has wholly failed to refute or even address this controlling precedent in any fashion. Dad's also has wholly failed to argue that it somehow qualifies as a "joint-tortfeasor."

### B. Pet Life is the Only Co-Obligor with Joint and Several Liability with Dad's

Dad's attempt to distance Pet Life as its sole co-obligor contradicts its own pleading as well as the determinative and undisputed facts. *First*, Dad's concedes that, at all times relevant, *Pet Life* had the joint and several obligation with Dad's to make the Royalty Payments due under the Royalty Agreement. Complaint ¶18, Complaint Ex. B and Ex. 2 to SPCP's Summary Judgment Memorandum, ¶4.4. *Second*, following Pet Life's and SPCP's execution of the Notification Agreement, whereby Pet Life released SPCP from any payment obligations under the Transfer Agreement, *only* Pet Life and Dad's had any obligations for any Royalty Payments. *See* Ex. 5 to SPCP's Summary Judgment Memorandum, ¶5. As such, Dad's claims are inextricably linked to Pet Life, and it remains clear that they can only be properly adjudicated before the Pet Life Bankruptcy

---

[2] "Dad's concurs in SPCP's application of Pennsylvania law to this matter." *See* Dad's Brief, p. 2.

Trustee (and/or cannot be adjudicated without the presence of Pet Life).[3]  *Third*, as a recipient of (or at least an indisputable part of) the allegedly fraudulent transfer that Dad's now apparently seeks to avoid,[4] LaSalle (as well as Pet Life) is unquestionably a necessary party.  Therefore, SPCP's contentions relative to Dad's lack of standing to pursue claims before this Court, the bankruptcy court's jurisdiction over Dad's claims and the failure to join LaSalle warrant the grant of dispositive relief in favor of SPCP.

### C.   Any Fraudulent Conveyance Claims against SPCP have been Extinguished

Just this past week, Pet Life's Bankruptcy Trustee and SPCP entered into a settlement in principal whereby the trustee's fraudulent transfer claims pursuant to the Pet Life's trademark transfers will be extinguished.  The parties are currently structuring an Order to confirm the settlement.  Such settlement and ultimate dismissal of the trustee's claims preclude re-litigation of Dad's duplicative fraudulent transfer claim.  *See Gambocz v. Yelencsics,* 468 F.2d 837, 840 (3d Cir. 1972) ("[d]ismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial"); *Allegheny Int'l v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, (3d Cir. 1994) ("[i]t is well-settled, as a general proposition, that a judgment or decree, though entered by consent or agreement of the parties, is res judicata to the same extent as entered after

---

[3] Dad's repeatedly attempts to impute Pet Life's knowledge and liability onto SPCP because the entities were "joint owned and jointly controlled." Dad's Brief, p. 2. Dad's ignores the presumed corporate separateness between the two entities and, without further support for its bald reference to "joint ownership," its assertion fails as a matter of law. "Subsidiaries, even if wholly-owned, are presumed separate and distinct entities from their parent corporations." *Glidden Co. v. Dept. of Labor & Indus.*, 700 A.2d 555, 557 (Pa. Commw. Ct. 1997).

[4] It is of significance that Dad's neither pleaded nor sought such relief until now in its summary judgment motion. Dad's Complaint seeks solely monetary damages in connection with its "fraudulent transfer" claim. Such a dilatory attempt to correct Plaintiff's pleadings is improper and impermissible under the Federal Rules and must be disregarded. *See* Fed. R. Civ. P. 15; *see also, e.g., Jones v. Blockbuster, Inc.*, 2002 WL 32130102 (E.D. Pa. Jan. 9, 2003).

contest."); *United States v. Athlone Indus., Inc.*, 746 F.2d 977, n. 5 (3rd Cir. 1984) ("A consent decree is generally treated as a final judgment on the merits and accorded res judicata effect . . .") (*citations omitted*).

### D. The Express Language of the Transfer Agreement Squarely Defeats Dad's Argument that SPCP Became "Jointly and Severally" Obligated with Dad's[5]

Dad's contribution claim is based upon an incomplete quotation of the Transfer Agreement, which fails to acknowledge that SPCP expressly limited its financial responsibility for the Royalty Payments. Specifically, it is crystal clear from the Transfer Agreement that SPCP *only* agreed to assume payments on Pet Life's behalf "***in an amount of up to $270,000*** . . ." (emphasis added). (*See* Ex. 3 to SPCP's Summary Judgment Memorandum, ¶ 1.b.). Dad's conveniently fails to acknowledge this vital, and obvious, contractual limitation. The foregoing language and limitation completely undercuts Dad's argument that SPCP could have assumed or ever did assume *any* joint and several obligations with Dad's. Certainly, such language completely defies that SPCP somehow assumed "joint and several" obligations for hundreds of thousands of dollars in excess of the express stated limitation of $270,000, as Dad's argues.

Further, even assuming that Gaines, or Dad's for that matter, was a "third-party beneficiary" to the Transfer Agreement, "third party beneficiaries are bound by the same limitations in the contract as the signatories of that contract." *Johnson v. Pennsylvania Nat. Ins.*, 594 A.2d 296, 298 (Pa. 1991); *see also Williams v. Paxson Coal Co.*, 31 A.2d 69 (Pa. 1943) (same).[6] Thus, "[t]he third party

---

[5] SPCP has fully addressed why the express language contained in the relevant agreements defeats Dad's attempt to thrust joint and several liability, in whole or in part, upon SPCP. *See e.g.*, SPCP's Opposition Brief, pp. 10-17.

[6] Dad's failed to plead, or even argue until the summary judgment stage, that Gaines was a third-party beneficiary of the Transfer Agreement. Dad's now makes this argument in an improper attempt to resuscitate its claims (which Dad's cannot do). Dad's insertion of this allegation at this stage violates Fed. R. Civ. P. 15, and accordingly must be disregarded.

00661506.DOC

beneficiary cannot recover except under the terms and conditions of the contract from which he makes a claim." *See Johnson, supra.* Assuming that SPCP could ever be jointly and severally liable to Gaines or Dad's for royalty payments, such liability could never exceed the amount SPCP contracted to pay -- $270,000.

      **E.**      **The Notification Agreement Released SPCP From Any Obligations Owed Under the Transfer Agreement.**

"When there is a contract, the right of a beneficiary is subject to any limitation imposed by the terms of the contract." *See Johnson, supra*, *citing* Restatement (Second) of Contracts 309, comment b (1981). Stated another way, if the underlying contract is terminated, then the third-party beneficiary's rights thereunder are terminated as well. *See id.* Here, in the Notification Agreement, Pet Life terminated the obligation SPCP owed under the Transfer Agreement by releasing SPCP from any existing liability for any Royalty Payments. *See* Ex. 5 to SPCP's Summary Judgment Memorandum, ¶5. Because Pet Life and SPCP were the only parties to the Transfer Agreement, Pet Life could, and did, effectively release SPCP. Thereafter, not even Gaines could assert any right against SPCP with respect to the Royalty Payments.[7]

      **F.**      **Dad's Fails to Support its Breach of Contract and Unjust Enrichment Claims.**

There are no genuine issues of material fact – nor has Dad's pointed to or established any – supporting that Dad's was either (i) a third-party beneficiary to the Transfer Agreement, or (ii) that SPCP was a successor or alter ego of Pet Life. Absent support for either proposition, Dad's lacks

---

[7] Again, Dad's disregards the corporate separateness between SPCP and Pet Life, which exists as a matter of law, in an ill-fated effort to convince this Court that a fraudulent transfer occurred through the Notification Agreement. *See ftnt. 3, supra*. In so doing, Dad's improperly pursues another unpleaded theory in violation of Fed. R. Civ. P. 15 – *i.e.*, seeking avoidance of the Notification Agreement. SPCP objects to this improper interjection of an unpleaded theory of recovery and requests that this Court refuse to award relief that Dad's has improperly sought at the eleventh hour.

standing to raise its breach of contract claim and it must therefore be dismissed. *State Public School Bldg. Auth. v. Noble C. Quandel Co.*, 585 A.2d 1136, 1140 (Pa.Commw.Ct. 1991). Further, Dad's plainly emphasizes that written agreements and "express" contractual language fully control the parties' dispute. *See* Dad's Brief, generally. Dad's, however, in an effort to make some purported theory of liability "stick" against SPCP, entirely ignores that the existence of such written agreements vitiates its unjust enrichment theory as a matter of law. *Roman Mosaic & T. Co., Inc. v. Vollrath*, 313 A.2d 305, 307 (Pa.Super.Ct. 1973) ("The doctrine of unjust enrichment is clearly inapplicable when the relationship between the parties is founded on a written agreement or express contract."). As such, both contractual theories warrant dismissal.

### III.   CONCLUSION

For all of the reasons set forth herein, this Court should grant summary judgment in favor of Defendant and against Plaintiff on all of Plaintiff's claims in this action.

Dated:  November 4, 2005

Respectfully submitted,

By:  /s/ David E. White, Esquire
David E. White
THORP REED & ARMSTRONG, LLP
Pa. I.D. No. 59659
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
(412) 394-2343

Attorneys for Defendant,
Sergeant's Pet Care Products, Inc.

00661506.DOC