# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### ERIE DIVISION

| | | |
|---|---|---|
| DAD'S PRODUCTS COMPANY, INC., | ) | |
| | ) | |
| | ) | Civil Action No. 03-350 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | The Honorable Sean J. McLaughlin |
| SERGEANT'S PET CARE PRODUCTS, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PRETRIAL STATEMENT OF SERGEANT'S PET CARE PRODUCTS

Defendant Sergeant's Pet Care Products, Inc. ("SPCP") files the following pretrial statement.

## I.    NARRATIVE STATEMENT

### A.  Introduction

This action centers around various agreements that Plaintiff and Pet Life Foods, Inc. ("Pet Life") – a debtor in a bankruptcy case pending in Michigan and not a party to this action[1] – entered into with respect to the acquisition of certain assets of another non-party, Gaines Pet Foods Corporation ("Gaines").   Nearly two years after this acquisition and in an unrelated

---

[1] Pet Life's Chapter 7 bankruptcy case, styled as *In re Pet Life Foods, Inc.*, Case No. SG-02-07387, was filed in the United States Bankruptcy Court for the Western District of Michigan, Southern Division (the "Pet Life Bankruptcy Case").  This Court may take judicial notice of the Pet Life Bankruptcy Case.  *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-427 (3d Cir. 1999) (court may take judicial notice of another judicial proceeding).

transaction, Pet Life sold a fraction of the assets it purchased from Gaines to SPCP. However, Pet Life expressly retained its obligations under the contracts relating to the Gaines' deal, including any obligations that it may have owed to Dad's Product's Company, Inc. ("Dad's" or "Plaintiff"). At no time did SPCP become a guarantor of or an obligor for such alleged obligations. Nevertheless, and despite the plain language of the operative documents, Dad's now claims that SPCP is somehow liable for Pet Life's obligations to Dad's.

**B. The Gaines' Acquisition and the Settlement Agreement**

Gaines was a manufacturer and distributor of pet treats, dog biscuits and other pet food products. In November 1999, Plaintiff, Pet Life and Gaines, among other entities not parties to this action, entered into an Asset Purchase Agreement (the "Asset Purchase Agreement") and a Supplier and Royalty Agreement (the "Royalty Agreement") by which Plaintiff and Pet Life agreed to purchase all intellectual property, customer and supply lists, licenses and permits, goodwill and certain assets of Gaines for the purchase price of $2,550,000.00. Under the Royalty Agreement, Plaintiff and Pet Life *jointly and severally* agreed to pay to Gaines a royalty based upon certain sales related to the assets purchased from Gaines (the "Royalty" or the "Royalty Payments"). After execution of the Royalty Agreement, Pet Life and Plaintiff began to make their respective payments of the Royalty.

Plaintiff and Pet Life thereafter formed Maple Leaf Pet Care LLC ("Maple Leaf") to provide administrative services for certain joint customer accounts purchased from Gaines and to serve as a repository for ownership of certain trademarks acquired under the Asset Purchase Agreement. In addition, in November 1999, Plaintiff and Pet Life allegedly entered into a Sales and Marketing Agreement (the "Marketing Agreement") with Whitecap, Inc. (not a party to this

action) and two non-party individuals (collectively, "Whitecap").  Pursuant to the Marketing Agreement, Whitecap was to provide various sales and marketing services to certain customer accounts purchased by Plaintiff and Pet Life under the Asset Purchase Agreement in exchange for certain compensation.

In August 2001, Plaintiff and Pet Life entered into a Settlement Agreement (the "Settlement Agreement") pursuant to which Plaintiff and Pet Life fixed their respective obligations under the Royalty Agreement and agreed to terminate the Marketing Agreement. More specifically, Plaintiff and Pet Life agreed (a) that Pet Life would pay 60% and Plaintiff would pay 40% of the monies due to Gaines under the Royalty Agreement, and (b) to share any expenses related to the termination of the Marketing Agreement (such as termination payments to Whitecap) equally.  Gaines and Whitecap were not parties to the Settlement Agreement.

**C. SPCP's Purchase of Certain of Pet Life's Assets**

In September 2001, Pet Life and SPCP entered into a Trademark License and Transfer Agreement (the "Transfer Agreement") pursuant to which SPCP purchased certain assets, including certain specified trademarks, that Pet Life had acquired from Gaines.  In exchange, SPCP agreed that SPCP would make up to $320,000.00 in payments due by Pet Life to Gaines under the Royalty Agreement and certain additional payments due Whitecap under the Marketing Agreement.

In May 2002, SPCP, Pet Life and Pet Life's secured lender LaSalle Business Credit, Inc. ("LaSalle") entered into a Settlement and Cooperation Agreement (the "Cooperation Agreement").  Pursuant to the Cooperation Agreement, Pet Life, *inter alia*, released SPCP from any obligations under the Transfer Agreement with respect to any Royalty Payments to be paid

by SPCP to Gaines on Pet Life's behalf.  The consideration for the release was SPCP's payment
of $362,112.13 to LaSalle on behalf of Pet Life for obligations due by Pet Life to LaSalle.  In
addition, Pet Life agreed that SPCP could offset any obligation SPCP had to Pet Life (*e.g.*, the
obligation to make payments to Gaines) against the $447,446.38 due from Pet Life to SPCP.
SPCP was not prepared to pay $362,112.13 to LaSalle on behalf of Pet Life unless and until
SPCP was released from its obligation to make payments to Gaines on behalf of Pet Life.  The
offset was designed as additional protection for SPCP.  The offset cleaned up any other possible
obligation due to Pet Life by SPCP.

### D.  Plaintiff's Complaint Against SPCP

The gravaman of Plaintiff's Complaint is that the foregoing release of SPCP through the
Cooperation Agreement violated obligations owed to Plaintiff and/or caused harm to and
defrauded Plaintiff *and creditors of Pet Life*.  As conceded in Plaintiff's Complaint, however, Pet
Life was at no time released, and indeed was expressly precluded from being so released, from
its obligations and liabilities to Plaintiff under the Royalty Agreement.  In other words, Pet Life
was still on the hook for the payments owed to Gaines.  Plaintiff's Complaint does not allege and
the plain terms of the Royalty Agreement do not provide (nor does any other written agreement
provide) that SPCP was in any way a "guarantor" or "obligor" of Pet Life's obligations to
Plaintiff under the Royalty Agreement [or the Settlement Agreement].

It is undisputed that as late as May 23, 2002, Plaintiff had been formally advised that Pet
Life would not be making any further payments of the Royalty  (the "Agreement").  The
Agreement was entered into long after the Transfer Agreement *and* after SPCP was released by

Pet Life under the Cooperation Agreement.  Nevertheless, through the Agreement, Plaintiff was only assigned all of Gaines' rights, if any, *against Pet Life* arising out of the Royalty Agreement. Despite Plaintiff's present claim that SPCP is somehow obligated for Pet Life's failure to make further Royalty Payments, nowhere does the Agreement provide that Plaintiff was assigned any rights or claims *against SPCP*.

Plaintiff's Complaint seeks relief against SPCP for Plaintiff's decision to, on May 23, 2002, make a lump sum prepayment of the total Royalty to Gaines pursuant to the Settlement Agreement, above and beyond the amount that Plaintiff allegedly owed.  Plaintiff's Complaint asserts claims against SPCP for: (1) Fraudulent Transfer; (2) Contribution; (3) Unjust Enrichment; and (4) Breach of Contract.  Each of the foregoing counts, while pleaded as different causes of action, is nothing more than Plaintiff's "fraudulent transfer" claim disguised as something else.  The controlling premise of each such claim is that Plaintiff and/or Pet Life's creditors were harmed and defrauded as a result of Plaintiff's release of SPCP from making further Royalty Payments.  Plaintiff did not give notice to Pet Life of its decision to "pay off" Gaines.

### E.  The Trustee's Action Against SPCP in the Pet Life Bankruptcy Case

In July 2004, the Chapter 7 Trustee in the Pet Life Bankruptcy Case ("Trustee") brought fraudulent transfer and other claims against SPCP with respect to, *inter alia*, the transactions and agreements at issue in or related to those raised in Plaintiff's Complaint.  The Trustee's Complaint against SPCP seeks to have various transfers avoided for the benefit of Pet Life's estate and its creditors.

00662571.DOC

Just this past week, Pet Life's Bankruptcy Trustee and SPCP entered into a settlement in principal whereby the trustee's fraudulent transfer claims pursuant to the Pet Life's trademark transfers will be extinguished. The parties are currently structuring an Order to confirm the settlement.

## II.    WITNESSES

SPCP may call any of the following witnesses to testify at trial in person or by deposition. All witnesses may be utilized as liability and or damage witnesses.

1.    Robert Scharf
      Sergeant's Pet Care Products
      14748 West Center Road, Suite 303
      Omaha, NE  68144

2.    Steven E. Smathers, Esq.
      c/o David E. White, Esq.
      Thorp Reed & Armstrong, LLP
      One Oxford Centre
      301 Grant Street, 14th Floor
      Pittsburgh, PA 15219

3.    Keith Martin
      Sergeant's Pet Care Products
      14748 West Center Road, Suite 303
      Omaha, NE  68144

4.    Michael Lewis
      Sergeant's Pet Care Products
      14748 West Center Road, Suite 303
      Omaha, NE  68144

5.    Alan O. Bostick
      World Pet, LLC
      500 6th Street Southwest
      Red Bay, AL  35582

6.     Alan D. Brown
Sowell & Co.
1601 Elm Street, Suite 300
Dallas, TX  75201

7.     Scott Fickes
Pet Life Foods, Inc.
A5491 144th Ave.
Holland, MI  49523

8.     Bruce Atherley
Pet Life Foods, Inc.
4355 Ferguson Dr., Suite 150
Cincinnati, OH  45245

9.     William Stapel
LaSalle Business Credit, Inc.
135 South LaSalle Street
Chicago, IL  60603

10.     Herbert Kidd II
LaSalle Business Credit, Inc.
135 South LaSalle Street
Chicago, IL  60603

11.     Sultan Thiarra
Shato Holdings, Ltd.
4088 Cambie Street, Suite 300
Vancouver, BC  V52 2X8

12.     Kim Bortaak
Shato Holdings, Ltd.
4088 Cambie Street, Suite 300
Vancouver, BC  V52 2X8

13.     G. Thomas Lang
Dad's Products Company, Inc.
PO Box 451
Meadville, PA  16335

14.     Douglas Lang
Dad's Products Company, Inc.
PO Box 451
Meadville, PA  16335

15.    Richard A. Lang, Jr.
        Dad's Products Company, Inc.
        PO Box 451
        Meadville, PA  16335

16.    Rick Moyer
        c/o Neal R. Devlin, Esq.
        Knox McLaughlin Gornall & Sennett
        120 West Tenth Street
        Erie, PA 16501

17.    Gerald Shulman
        348 Broad Ave.
        Palisades Park, NJ  07650

18.    David Kofsky
        348 Broad Ave.
        Palisades Park, NJ  07650

19.    Conrad Pitts, Esq.
        Pitts & Eckl, PC
        P.O. Box 1436
        401 E. Tuscaloosa Street
        Florence, Alabama  35631

20.    Robert Dwyer
        The Know Law Firm
        120 W. 10th Street
        Erie, PA  16501

SPCP may call any person whose testimony may be necessary for authentication of evidence.  SPCP may call any person whose testimony may be necessary for rebuttal or impeachment purposes.  SPCP may call any person named in any of the pleadings, interrogatory answers or other discovery requests, depositions, documents produced and/or pretrial statement filed by Plaintiff.  SPCP reserves the right to supplement the above listing of witnesses.

### III.    LEGAL ISSUES

SPCP does not anticipate that any unusual legal issues will arise during the course of the trial or the remainder of this litigation.   To the contrary, the primary issues relevant to the adjudication of this matter are raised, and discussed, in the parties' respective motions for summary judgment and subsequent, related memoranda.

### IV.    EXHIBITS

SPCP may offer into evidence any of the following exhibits:

**EXHIBIT NO.**    **DESCRIPTION**

A.    Complaint filed by Dad's Products Company, Inc. v. Sergeant's Pet Care Products, et. al. in the Court of Common Pleas of Crawford County, Pennsylvania

B.    Asset Purchase Agreement among Pet Life Foods, Inc., Dad's Products Company, Inc., Gaines Pet Foods Corp., Gaines Pet Foods, Maple Leaf Marketing, Inc. and Shato Holdings, Ltd. dated as of November 23, 1999 (S000404-S000466)

C.    Supplier and Royalty Agreement between Dad's Products Company, Inc., Pet Life Foods, Inc., Gaines Pet Foods Corp., Gaines Pet Foods, and Shato Holdings, Ltd. dated as of November 23, 1999 (S000099-S000131)

D.    Settlement Agreement between Dad's Products Company, Inc., Pet Life Foods, Inc. and Gaines Pet Foods dated as of August 2001 (S000133-S000143)

E.    Trademark License and Transfer Agreement between Pet Life Foods, Inc. and Sergeant's Pet Care Products, Inc. dated September 1, 2001 (S000160-S000183)

F.    Notification and Cancellation Agreement between Pet Life Foods, Inc. and Sergeant's Pet Care Products, Inc. dated May 2, 2002 (S000092-S000098)

G.    Settlement and Cooperation Agreement between Pet Life Foods, Inc. Sergeant's Pet Care Products, Inc. Alan D. Brown, and LaSalle Business Credit, Inc. dated May 3, 2002 (S000075-000082; S000083-S000091).

H.    Agreement among Dad's Products Company, Inc., Gaines Pet Foods Corp., Gaines

Pet Foods and Shato Holdings, Ltd. dated as of May 23, 2002 (S000467-S000468)

I.        Sales and Marketing Agreement between Dad's Products Company, Inc., Pet Life, Whitecap, Inc., Gerald Shumn and David Kofsky, dated as of November 16, 1999 (S000469-S000478)

J.        Trademark and License Mortgage between SPCP and LaSalle Business Credit, dated as of September 1, 2001 (S000184-S000194)

K.        No-offset letter executed by SPCP in favor of Pet Life and LaSalle dated as of September 2001 (S000195)

L.        Edward C. Shields correspondence to Sultan Thiara, dated April 29, 2002 concerning Dad's royalty payments for first quarter of 2002

M.        Foreclosure Agreement between World Pet, LLC, LaSalle Business Credit, Inc. and Pet Life Foods, Inc. dated as of May 3, 2002 (S000033-S000074)

N.        The docket of Pet Life's Chapter 7 bankruptcy case, styled as *In re Pet Life Foods, Inc.*, Case No. SG-02-07387, filed in the United States Bankruptcy Court for the Western District of Michigan, Southern Division

O.        The Complaint in the adversary proceeding filed at Case No. SG-02-07387 by Pet Life's Chapter 7 Bankruptcy Trustee against SPCP

P.        Inventory Disposition Agreement dated as of September 25, 2001 between LaSalle, SPCP and Pet Life (S000196-S000197)

Q.        Reaffimation, Release, Consent and Acknowledgement between Pet Life Foods, Inc. and LaSalle Business Credit, Inc. (S000144-S000153)

R.        Trademark and License Mortgage dated as of September 1, 2001 by and between Sergeant's Pet Care Products Inc. in Favor of LaSalle Business Credit Inc. (S000184-S000194)

S.        To the extent not identified above, any document listed in SPCP's and/or Dad's Initial Disclosures filed in this matter

T.        Any and all deposition transcripts in this action

SPCP reserves the right to utilize any exhibit listed in Dad's Pretrial Statement as well as any other documents or things for the purpose of rebuttal and /or impeachment purposes.  SPCP

00662571.DOC

reserves the right to use any pleading filed in this matter, any exhibit attached to a pleading filed in this matter, any document produced by Dad's or SPCP during the course of this litigation, any document as yet undiscovered or not responsive to previous discovery requests which may be discovered and provided to Dad's within a reasonable time prior to trial. SPCP reserves the right to use enlargements, overhead transparencies, charts, summaries or other visual aids of any document or exhibit included or referenced on the exhibit list. SPCP reserves the right to revise the exhibit list in light of any *in limine,* evidentiary or other rulings by the Court. Finally, SPCP reserves the right to amend and/or supplement its exhibit list.

## V.    **AUTHORIZATION TO EXAMINE PERTINENT RECORDS**

SPCP will make its trial exhibits available, for inspection and photocopying by Dad's, at the office of SPCP's counsel.

## VI.    **RESERVATIONS**

SPCP reserves the right to amend this Pretrial Statement prior to the trial of this action.

Dated:  November 8, 2005                    Respectfully submitted,


                                  By:  /s/ David E. White, Esquire
                                       David E. White
                                       THORP REED & ARMSTRONG, LLP
                                       Pa. I.D. No. 59659
                                       One Oxford Centre
                                       301 Grant Street, 14th Floor
                                       Pittsburgh, PA 15219
                                       (412) 394-2343

                                       Attorneys for Defendant,
                                       Sergeant's Pet Care Products, Inc.

00662571.DOC